IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WILLIAM GRECIA** <br> *Plaintiff,* <br><br> v. <br><br> **CULLEN/FROST BANKERS, INC.,** <br> *Defendant.* | § <br> § <br> § <br> §     6:21-CV-00016-ADA <br> § <br> § <br> § <br> § |

**ORDER MOOTING-IN-PART AND DENYING-IN-PART DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Came on for consideration this date is Defendant's Motion to Dismiss for Failure to State a Claim. Defendant Cullen/Frost Bankers, Inc. ("Frost Bank") moved to dismiss on two grounds: a failure to plausibly allege infringement under 35 U.S.C. § 271; and collateral estoppel. The Court finds the first ground **MOOTED** by representations made to the Court by Plaintiff William Grecia during a hearing held on September 21, 2021. And after careful consideration of the second ground, the Parties' briefs, and the applicable law, the Court **DENIES** Frost Bank's Motion to Dismiss as to collateral estoppel, for reasons described as follows.

**I. BACKGROUND**

Mr. Grecia asserts U.S. Patent No. 8,402,555 (the "Asserted Patent") against Frost Bank. Mr. Grecia has filed at least 65 cases alleging patent infringement in the United States District Courts, including at least one case in the Southern District of New York, *Grecia v. Samsung Electronics America, Inc.*, No. 1:16-CV-09691 (S.D.N.Y., Sep. 7, 2018) (hereinafter "the SDNY case") *aff'd*, 780 F. App'x 912 (Fed. Cir. Aug. 20, 2019). In the SDNY case, the court invalidated claim 21 of U.S. Patent No. 8,533,860 (the "'860 patent"). The SDNY court determined that claim 21 of the '860 Patent was indefinite under 35 U.S.C. § 112 ¶ 6. *See* ECF No. 10 at 14. The Federal

1

Circuit affirmed that judgment on appeal. *See id.* Frost Bank argues that claim 21 of the '860 patent is sufficiently similar to claim 16 of the Asserted Patent to collaterally estop Mr. Grecia's case here. ECF No. 10 at 14–15.

## II. LEGAL STANDARD

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). In a patent case, the law of the regional circuit determines "the general procedural question of whether issue preclusion applies," whereas Federal Circuit precedent governs "questions involving substantive issues of patent law." *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). Under Fifth Circuit law, collateral estoppel requires that: (1) the issue in the current litigation is identical to the one in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the judgment in that prior action and (4) there are no special circumstances that would render estoppel inappropriate or unfair. *State Farm Mut. Auto. Ins. Co. v. Logisticare Solutions*, 751 F.3d 684, 689 (5th Cir. 2014); *see also Soverain*, 778 F.3d at 1314; *Arunachalam v. Exxon Mobil Corp.*, 6:19-CV-00171-ADA, 2019 WL 10303695, at *2 (W.D. Tex., June 26, 2019). A decision on the invalidity of one patent may have preclusive effects on the invalidity of a second patent so long as "the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

## III. ANALYSIS

Frost Bank argues collateral estoppel bars Grecia from arguing that claim 16 of the Asserted Patent is definite under 35 U.S.C. § 112 ¶ 6. Grecia identifies the source of that estoppel

as the SDNY case in which Grecia litigated the same issue on a similar patent and lost. The SDNY court invalidated claim 21 of U.S. Patent No. 8,533,860 (the "'860 patent") on two alternative grounds, both rooted in § 112 ¶ 6. It held that the specification failed to disclose sufficient structure for two means-plus-function limitations recited in claim 21: "customization module" and "computer product." ECF No. 13 at 13. Mr. Grecia appealed. The Federal Circuit affirmed the district court's decision as to "customization module." *Id.* Satisfied, the Federal Circuit opted not to reach the alternative "computer product" ground. *Id.*

Frost Bank argues that the SDNY court's indefiniteness finding as to "computer product" has preclusive effect here because claim 16 of the Asserted Patent: is similar to claim 21 of the '860 patent; and recites a "computer program product" element sufficiently similar to the "computer product" element of the '860 patent. ECF No. 10 at 14–17.

The Court holds that the SDNY decision finding claim 21 of the '860 patent indefinite in its recitation of "computer product" does not collaterally estop Mr. Grecia from asserting claim 16 of the Asserted Patent. The Court holds that the SDNY's decision as to "computer product" has no preclusive effect because the Federal Circuit did not reach that ground on appeal. And though the SDNY's decision as to "customization module" may be preclusive, it is not so here, where the asserted claim does not recite any analogous claim element.

The Court's decision is dictated by Fifth Circuit precedent. In *Lopez v. Pompeo*, the Fifth Circuit considered the case of Juan Gerardo Sandoval Lopez, who sought a judicial declaration of U.S. citizenship. 923 F.3d 444 (5th Cir. 2019). A federal district court dismissed Mr. Lopez's suit, holding that it lacked jurisdiction because administrative proceedings had already resolved his citizenship. *Id.* at 446. On appeal, the Fifth Circuit affirmed on a different ground, holding that the district court lacked jurisdiction because Mr. Lopez was located outside the United States. The

Fifth Circuit did not reach the district court's grounds for dismissal. *Id.* Undeterred, Mr. Lopez reached the United States and again filed for a declaration of citizenship. *Id.* The district court, relying on *res judicata*, dismissed Mr. Lopez's claim using the jurisdictional grounds it used to dismiss Mr. Lopez's first claim. *Id.* Mr. Lopez again appealed and the Fifth Circuit reversed.

According to the Fifth Circuit, the district court erred in the second case by relying its judgment in the first. *Id.* at 447. The district court's first judgment had no preclusive effect because the Fifth Circuit affirmed that judgment on separate grounds without reaching the district court's grounds for dismissal. *Id.* "When this court affirms a judgment of the district court, but on different grounds than those adopted by the district court, it is the decision of this court, not the district court, that has preclusive effect." *Id.* at 446. It continued:

> [I]f an appeal is taken preclusion should attach to every ground that is in fact reviewed and affirmed by an appellate court . . . . As to matters passed over by the appellate court, however, preclusion is not available on the basis of the trial-court decision . . . . [O]nce an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decision.

*Id.* at 446–47 (quoting 18 Federal Practice & Procedure § 4421). Authority from this circuit and beyond reaches the same conclusion. *See, e.g.*, *Jennings v. Stephens*, 574 U.S. 271, 278 (2015); *Dow Chem. v. EPA*, 832 F.2d 319, 323 (5th Cir. 1987); *Restatement (Second) of Judgments* § 27, cmt. o (Am. Law Inst. 1982).

The reasoning of *Lopez*, then, dictates that the SDNY's judgment finding the term "computer product" indefinite does not have preclusive effect here because the Federal Circuit affirmed the invalidity of claim 21, but on a different ground. Frost Bank's reliance on *Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12-cv-17, 2015 WL 12696219, at *3 (E.D. Tex. Sept. 29, 2015) is misplaced. ECF No. 14 at 10. To be sure, that decision accorded preclusive effect to a prior

4

judgment based in alternative grounds, like the SDNY decision here. But, unlike here, those alternative grounds were not appealed (or at least the court did not consider the appeal). And in this case, as in *Lopez*, that made all the difference.

Moreover, Frost Bank's attempt to distinguish *Hicks v. Quaker Oats*, 662 F.2d 1158 (5th Cir. 1981) by differentiating offensive and defensive collateral estoppel is unavailing. ECF No. 14 at 10. Though defensive collateral estoppel was not at issue in *Hicks*, it was in *Lopez* and the Fifth Circuit nevertheless held that an appellate affirmance modified the preclusive effect of the district court's decision.

For the foregoing reasons, the Court will accord preclusive effect only to the SDNY's judgment that claim 21 of the '860 patent is indefinite for reciting "customization module." Claim 16 of the Asserted Patent does not recite any analogous element and so the Court declines to find that the asserted claim 16 is substantially similar to claim 21 of the '860 patent, foreclosing the application of collateral estoppel in this case. *See Ohio Willow*, 735 F.3d 1342.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim is **MOOTED-IN-PART** and **DENIED-IN-PART**. As to Plaintiff's failure to plausibly allege infringement, the motion is **MOOTED**. As to collateral estoppel, the motion is **DENIED**.

SIGNED this 23rd day of September, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE